**XUE QIN JIANG, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* Respondent.**

No. 08–4902–ag.

United States Court of Appeals, Second Circuit.

April 27, 2009.

dure 43(c)(2), Attorney General Eric H. Hold-

46

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Deputy Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. SONIA SOTOMAYOR, Circuit Judges.

er Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

### SUMMARY ORDER

Xue Qin Jiang, a native and citizen of China, seeks review of a September 12, 2008 order of the BIA denying her motion to remand and affirming the January 26, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her applications for asylum, withholding of removal, and CAT relief. *In re Xue Qin Jiang*, No. A99 316 566 (B.I.A. Sept. 12, 2008), *aff'g* No. A99 316 566 (Immig. Ct. N.Y. City Jan. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 104 (2d Cir.2008).

█ In this case, the agency's adverse credibility determination was supported by substantial evidence. For asylum applications, such as Jiang's, which are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), an IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go to the heart of an applicant's claim. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 164 (2d Cir.2008). Here, the IJ properly based his adverse credibility determination on his observa-tion of Jiang's demeanor as well as numerous inconsistencies in the record.

First, the IJ characterized Jiang's demeanor as hesitant and uncertain and noted that she repeatedly expressed confusion at the questions posed to her. The IJ also noted that, when asked specific questions about Falun Gong, Jiang gave rote answers about the principles of Falun Gong, without giving any explanation of their significance. We afford particular deference to an IJ's assessment of an applicant's demeanor because "the IJ has the unique advantage ... of having heard directly from the applicant." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007). Given this "unique advantage," the IJ properly relied on his observations of Jiang's demeanor in finding her not credible. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379–81 (2d Cir.2007).

In addition, the IJ found that there were numerous inconsistencies between Jiang's testimony and the documents that she submitted to establish that she had filed her asylum application within one year of her arrival in the United States. For instance, Jiang submitted into evidence a receipt showing that she spent three days at a hotel in August 2004. Jiang first testified that she stayed in the hotel to meet with a snakehead but later testified that her hotel stay was related to medical treatment she received for a stomach ailment. However, neither the dates of Jiang's alleged meetings with the snakehead nor the date of her alleged doctor's visit corresponded with the dates of her hotel stay. Given the totality of the circumstances, the IJ did not err in finding Jiang not credible based on the inconsistencies in her testimony, her hesitant demeanor, and rote responses regarding Falun Gong. *See Xiu Xia Lin*, 534 F.3d at 164.

Because Jiang's claim for withholding of removal was based on the same factual predicate as her asylum claim, the IJ also properly denied that claim on credibility grounds. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). To the extent that Jiang's CAT claim was based on the same factual predicate as her claims for asylum and withholding of removal, that claim was also defeated by the adverse credibility determination in this case. *See id.* Jiang has waived her CAT claim to the extent that it was based on her illegal departure from China. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

█ In addition, the BIA did not abuse its discretion in denying Jiang's motion to remand where the only new evidence she submitted was a doctor's note stating that she was pregnant with her second child. *Cf. Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). This note, on its own, was insufficient to establish that Jiang had a well-founded fear that she would be forcibly sterilized if removed to China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Jiang's failure to establish her *prima facie* eligibility for the underlying relief sought was a valid basis for denying the motion. *See Matter of Coelho,* 20 I. & N. Dec. 464 (B.I.A.1992); *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

█ Although the IJ's adverse credibility determination was supported by substantial evidence, he erred in finding that Jiang knowingly filed a frivolous asylum application. *See* 8 C.F.R. § 1208.20. An adverse credibility determination does not, by itself, support a finding that an asylum application is frivolous. *See Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106, 113 (2d Cir.2006). Although Jiang was questioned about the discrepancies between her testimony and the documents she submitted, the IJ never informed her that he was considering entering a frivolous finding against her. *See Biao Yang v. Gonzales,* 496 F.3d 268, 275–76 (2d Cir. 2007). The IJ's questioning regarding Jiang's inconsistencies did not make it obvious that a frivolous finding was under consideration. *See Id.* at 275–76 & 276 n. 4. Thus, the IJ did not afford Jiang sufficient opportunity to account for the discrepancies in her testimony and evidence. *See id.* at 275–76, 278; *Matter of Y–L–,* 24 I. & N. Dec. 151, 159–60 (B.I.A.2007). Accordingly we grant Jiang's petition and remand her case to the agency, but only to the extent that it challenges the IJ's frivolousness finding.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's decision is VACATED in part and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.